UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENVEN ENERGY VENTURES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-424** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, L.L.C.** | **SECTION "J" (3)** |

REPORT AND RECOMMENDATION

Before the Court is the Motion for Attorneys' Fees and Costs [Doc. #61] filed by plaintiff EnVen Energy Ventures, L.L.C. ("EnVen" or "plaintiff").[1] The motion is unopposed. Having reviewed the motion and the case law, the Court rules as follows.

I.     **Background**

The underlying lawsuit involved defendant Black Elk Energy Offshore Operations, L.L.C.'s failure to pay its share of joint oil and gas operating expenses incurred and paid by EnVen. On February 10, 2015, the District Court granted the motion for summary judgment filed by EnVen. [Doc. #58]. In its final judgment, the District Court held that EnVen is entitled to "attorneys' fees incurred in the collection of the Unpaid Invoices, including all costs and attorneys' fees incurred in connection with this lawsuit, with the quantum of recoverable attorneys' fees to be determined by the magistrate judge." [Doc. #60 at p. 2]. EnVen now seeks attorneys' fees in the amount of

---

[1]     As noted below, the District Court referred the quantum of attorneys' fees and costs to this Court in its Final Judgment. [Doc. #60].

$114,495.00 and costs in the amount of $10,292.83, for a total of $124,787.83.

**II.     Analysis**

    **A.     The Lodestar Approach**

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047

(5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1. Reasonable Hourly Rates

Turning to the billing statements and declaration submitted by plaintiff's counsel, this Court must determine whether the hourly rates of $325.00/hour for Paul Goodwine, $300.00/hour for Emile Dreuil, and $275.00/hour for Taylor Mouledoux are reasonable given counsel's ability, competence, experience, and skill. Counsel notes that they adjusted their hourly rate downward based on the recent opinion of this Court in *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C.*, Civ. A. No. 10-4151, 2014 WL 5039670 (E.D. La. Sept. 25, 2014).[2] Goodwine is a shareholder with 20 years of experience; Dreuil is an associate with 10 years of experience; and Mouledoux is an associate with seven years of experience.

This Court's review of the case law in this district for the past five years reveals that the hourly rates requested are reasonable under the case law in this district. *See, e.g., Offshore Marine*, 2014 WL 5039670, *8 (awarding $325.00/hour, $275.00/hour, and $225.00/hour to attorneys with 19, seven, and four years experience, respectively); *Foley v. SAFG Retirement Servs., Inc.,* Civ. A. No. 10–2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450.00/hour to $350.00/hour for attorney with 30 years experience and from $300.00/hour to $275.00/hour for attorney with eight years experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) (awarding $300.00/hour for partners, $225.00/hour for associates, and $75.00/hour

---

[2] In *Offshore Marine*, this Court recommended – and the District Court adopted – a downward adjustment for the hourly rate of Goodwine, from $375.00 to $425.00/hour to $325.00/hour. *See id.* at *8.

for paralegals); *Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL 4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively); *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

Considering the prevailing market rates in the Greater New Orleans area and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rates are reasonable. The Court finds that $325.00/hour is a reasonable rate for the services of Goodwine, $300.00/hour is a reasonable rate for Dreuil, and $275.00/hour is a reasonable rate for Mouledoux.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or

unproductive should be excised from any award of attorney's fees.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.  *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).  The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770.  When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed the accounting statements and accompanying declaration submitted on behalf of plaintiff's counsel and finds the hours expended by counsel to be reasonable.  Counsel has deleted numerous entries and reduced others when appropriate.  This lawsuit lasted approximately one year, and counsel participated in the discovery process, ultimately drafting a motion for summary judgment which – with exhibits – totaled approximately 1,052 pages. Although defendant does not challenge whether defense counsel exercised its "billing judgment," the Court's review of the accounting statement satisfies it that plaintiff's counsel did so.  Accordingly, the Court finds that an award of $114,495.00 in attorneys' fees is reasonable here.

       **3.**    **The *Johnson* Factors**

Generally, the Court must next consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).  *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987).  The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed

by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Here, however, counsel does not seek an upward adjustment. Neither does defendant seek a downward adjustment. Accordingly, the Court finds that no upward or downward adjustment is warranted.

### 4. Costs

Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir.2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

When cost-seekers neglect to supply any verification that the costs claimed were "necessarily

incurred in the case" and instead state only that the costs were expended "in the preparation and litigation of this case," the district court does not abuse its discretion by denying all costs except filing fees. *Phetosomone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993); *accord Home Builders Ass'n v. City of Madison*, 191 F.R.D. 515, 517, 518, 519 (N.D. Miss. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983)).

As noted above, in its final judgment, the District Court broadly held that plaintiff is entitled to "all costs and attorneys' fees incurred in the collection of the Unpaid Invoices, including all costs and attorneys' fees incurred in connection with this lawsuit. . . ." [Doc. #60 at p. 2]. Here, plaintiff seeks $10,292.83 in costs. In line with the final judgment of the District Court, the Court will award plaintiff its costs in said amount.

### III.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Attorneys' Fees and Costs [Doc. #61] be GRANTED. Plaintiff is entitled to an award of attorneys' fees and costs in the amount of $124,787.83.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d

1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of May, 2015.

**DANIEL E. KNOWLES, III**  
**UNITED STATES MAGISTRATE JUDGE**